**BEN TRAVIS LAW, APC**
Ben Travis
ben@bentravislaw.com
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
Phone: (619) 353-7966

**REESE LLP**
Michael R. Reese
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272

**REESE LLP**
Charles D. Moore
*cmoore@reesellp.com*
121 N. Washington Ave, 2nd Floor
Minneapolis, Minnesota 55401
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272

*Counsel for Plaintiff and the Proposed Class*

United States District Court
Eastern District of New York

| | |
|---|---|
| KARIN PIOTROSKI, individually and on behalf of all others similarly situated<br><br>       Plaintiff<br><br>   - against -<br><br>Dr Pepper/Seven Up, Inc.<br><br>       Defendant | Case No. 2:25-cv-4818<br><br>Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff KARIN PIOTROSKI ("Plaintiff"), by her undersigned attorneys alleges upon information and belief, except for allegations pertaining to Plaintiff, which are based on personal knowledge:

## INTRODUCTION

1. This is a proposed class action brought on behalf of New York consumers of Defendant Dr Pepper/Seven Up, Inc.'s ("Defendant") Canada Dry beverages (collectively the "Products" or individually the "Product") who have purchased the Products with the misrepresentations on the front of the packaging that the Products are from Canada.

2. Defendant's marketing, labeling, and sale of the Products mislead reasonable consumers to believe that the beverages are produced in Canada, by using the phrase Canada Dry on the label ("Canada Representation").



3. Consumers interpret the Canada Representation to mean that the Products are produced in and imported from Canada. Unfortunately for consumers, the Canada Representation is false and misleading because the Products are produced in the United States.

4. By labeling the Products with the Canada Representation, Defendant creates consumer deception and confusion. A reasonable consumer purchases the Products believing that they are from Canada. However, a reasonable consumer would not deem the Products to be from Canada if they knew the Products were produced in the United States.

5. Defendant's misrepresentations about the Products were uniform and were communicated to Plaintiff, and every other member of the Class, at every point of purchase and consumption throughout the Class Period.

6. Plaintiff now brings this action to recover the monies she and the Class members paid for the Products as a result of the misrepresentation, as well as statutory damages and the other relief detailed below.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, there are over 100 class members, and there is diversity of citizenship between at minimum Plaintiff and Defendant.

8. This court has personal jurisdiction over Defendant because it conducts and transacts business within New York and contracts to supply and supplies goods within New York.

9. Venue is proper because Plaintiff and many class members reside in this District and Defendant does business in this District and in New York. Additionally, a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

10. Plaintiff Piotroski is a resident of Massapequa, New York. Plaintiff Piotroski purchased Defendant's Products (including the ginger ale variety) while in Massapequa during the Class Period. Prior to purchase, she saw the Product's labeling with the Canada Representation. Plaintiff brings the claims below seeking damages, actual and statutory.

11. Defendant Dr Pepper/Seven Up, Inc. is a Delaware corporation with a principal place of business in Frisco, Texas.

12. On information and belief, in committing the wrongful acts alleged herein,

2

Defendant, in connection with its subsidiaries, affiliates, and/or other related entities and their employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Products by means of false, misleading, deceptive and fraudulent representations, and Defendant participated in the making of such representations in that it disseminated those misrepresentations or caused them to be disseminated.

## SUBSTANTIVE ALLEGATIONS

### A.  CONSUMER DEMAND FOR AUTHENTICITY

13. Today's consumers are faced with increasing commercialization of products and seek brands that are genuine.

14. For many consumers, authenticity has overtaken quality as the prevailing purchasing criterion.

15. Manufacturers and marketers use origin claims to distinguish their products from other products, knowing consumers rely on the accuracy of those claims in making their purchasing decisions. In fact, consumers are willing to pay premium prices for Products that are authentically connected to a significant geographical area.

16. Consumers often pay a price premium for what they perceive to be authentic products, particularly those perceived to be authentically associated with a specific place, such as Canada, in the case of Defendant's Products.

17. In the present instance, consumers expect Defendant's products to be made in Canada.

### B.  DEFENDANT'S MISREPRESENTATIONS

18. Defendant manufactures labels, distributes, and sells beverage products throughout the United States.

19. The Products at issue here are sold in a variety of styles and flavors, including ginger

3

ale, club soda, tonic water, and sparkling seltzer water. *See* Ex. A. (Plaintiff reserves the right to amend the list to include additional products if they are identified through discovery).

20. Defendant misrepresents its Products as being from Canada.

21. Defendant's marketing and advertising of the Products gives consumers the impression that they are produced in Canada.

22. Defendant prominently states on the front label "Canada Dry."








4

23. The verbiage used on Defendant's packaging leads consumers to believe that the Products are from Canada.

24. Consumers have no way of knowing, when purchasing the Products, that they are being deceived and the Products are actually produced in the United States.

25. Despite Defendant's labeling of the Products with the Canada Representation, on information and belief, the Products are produced in the United States.

26. Defendant's labeling of the Products with the Canada Representation demonstrates its intent to persuade consumers that the Products are produced in Canada. However, as described above, the Products are produced in the United States.

27. Hence, Defendant's representations that the Products are from Canada are false and misleading.

28. Reasonable consumers, including Plaintiff, purchased the Products based upon their belief that the Products were produced in Canada. However, a reasonable consumer would not deem the Products to be made in Canada if they knew the Products were produced in the United States by an American company.

29. Defendant's misrepresentations cause confusion among consumers, who believe they are purchasing beverages imported from Canada, when, in fact, they are purchasing beverages produced in the United States.

30. Defendant's false, misleading, and deceptive misrepresentations and omissions are likely to continue to deceive and mislead reasonable consumers and the general public, as they have already deceived and misled Plaintiff and the Class members.

C. **ECONOMIC INJURY**

31. Plaintiff saw Defendant's Products on the shelf and believed from the statements on the packaging that the Products were actually produced in Canada.

5

32. Plaintiff and the Class Members expected Defendant's Products would have been produced in Canada based on the Canada Representation.

33. Plaintiff and the Class Members did not expect the Products to be produced in the United States because of the Canada Representation.

34. Plaintiff and the Class Members saw the packaging, which misleadingly emphasized Canada even though the Products are not produced in Canada.

35. Plaintiff would not have purchased the Products if she knew the representations were false and misleading.

36. Plaintiff paid more for the Products than she otherwise would have, and would only have been willing to pay less, or unwilling to purchase it at all, absent the misleading representations.

37. As a result of the false and misleading labeling, the Products are sold at a price that is higher than the price of the Products would have been if they were represented in a non-misleading way.

38. By way of example, a 12-pack of Schweppes ginger ale normally sells for $7.88.[1] But a 12-pack of Canada Dry ginger ale sells for $8.12.[2]

39. Plaintiff was also deprived of the benefit of the bargain because the Products she purchased were different than what Defendant warranted.

40. As a result of these unfair and deceptive practices, Defendant has likely collected millions of dollars from the sale of its Products that it would not have otherwise earned. Plaintiff and Class members paid money for products that are not what they purport to be or what they

---

[1] https://www.walmart.com/ip/Schweppes-Ginger-Ale-12-fl-oz-12-pack/17619874?classType=REGULAR&athbdg=L1300&from=/search (last visited August 8, 2025)
[2] https://www.walmart.com/ip/Canada-Dry-Ginger-Ale-12-Fl-Oz-12-Count/16940513?classType=REGULAR&athbdg=L1200&from=/search (last visited August 8, 2025)

bargained for. They paid a premium for such Products when they could have instead bought other, less expensive beverages.

41. In making the false, misleading, and deceptive representations and omissions described herein, Defendant knew and intended that consumers would pay for, and/or pay a premium for, Products labeled with the Canada Representation. As a result, Plaintiff and the Class members were injured in that they:

    a. Paid a sum of money for the Products, which were not what Defendant represented;

    b. Paid a premium price for the Products, which were not what Defendant represented;

    c. Were deprived of the benefit of the bargain because the Products they purchased had less value than what Defendant represented; and

    d. Were of a different quality than what Defendant promised.

42. Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the Class members would not have been willing to pay the same amount for the Products they purchased, and/or Plaintiff and the Class members would not have been willing to purchase the Products at all.

43. Plaintiff and the Class members paid for Products that were represented as being from Canada but received Products that were produced in the United States. The Products Plaintiff and the Class members received were worth less than the Products for which they paid.

44. Based on Defendant's misleading and deceptive representations, Defendant was able to, and did, charge a premium price for the Products over the cost of competitive products not bearing the label.

45. Plaintiff and the Class members all paid money for the Products. However, Plaintiff and the Class members did not obtain the full value of the advertised Products due to Defendant's misrepresentations and omissions. Plaintiff and the Class members purchased and/or paid more for the Products than they would have had they known the truth about the Products. Consequently, Plaintiff and the Class members have suffered an injury in fact, and lost money as a result of Defendant's wrongful conduct.

## CLASS ALLEGATIONS

46. Plaintiff brings this action as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

47. The class is defined as all consumers who purchased at least one of the Products in New York at any time during the period of August 29, 2022, to the date of class certification ("Class").

48. Excluded from the Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned.

49. Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise. Plaintiff also reserves the right to create subclasses.

50. The requirements of Federal Rule of Civil Procedure 23 are satisfied because:

a. <u>Numerosity</u>: The members of the class are so numerous that joinder of all members is impracticable. While the exact number of Class members is presently unknown to Plaintiff, based on the prolificate nature of the Products, Plaintiff estimates that the Class numbers are in the thousands.

b. <u>Commonality</u>: There are questions of law and fact that are common to the Class members and that predominate over individual questions. These include the following:

   i. Whether Defendant misrepresented to the Class members that its Products are produced in Canada;

   ii. Whether Defendant's misrepresentations and omissions were material to reasonable consumers;

   iii. Whether Defendant's labeling, marketing, and sale of its Products constitutes false advertising;

   iv. Whether Defendant's conduct injured consumers and, if so, the extent of the injury; and

   v. The appropriate remedies for Defendant's conduct.

c. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class members because Plaintiff suffered the same injury as the Class members by nature of their purchases of the Products based on Defendant's misrepresentations that the Products are produced in Canada.

d. <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff does not have any interests that are adverse to those of the Class members. Plaintiff has retained competent counsel experienced in class action litigation who intend to prosecute this action vigorously and have the financial means of doing so.

e. <u>Superiority</u>: A class action is superior to other available methods for the efficient adjudication of this controversy. Class action treatment will

permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Since the damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged, while an important public interest will be served by addressing the matter as a class action.

51. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF NEW YORK GBL § 349
### (On Behalf of Plaintiff and Other Class Members)

52. Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

53. New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

54. The conduct of Defendant alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the other Class Members seek monetary damages.

55. Defendant misleadingly, inaccurately, and deceptively presents its Products to consumers.

56. Defendant's improper consumer-oriented conduct is misleading in a material way in that it, *inter alia*, induced Plaintiff and other Class Members to purchase and/or pay a premium for Defendant's Products and to use the Products when they otherwise would not have.

57. Defendant made its untrue or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

58. Plaintiff and other Class Members have been injured inasmuch as they paid a premium for the Products. Accordingly, Plaintiff and other Class Members received less than what they bargained or paid for.

59. Defendant's deceptive and misleading practices constitute deceptive acts and practices in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and other members of the Class have been damaged thereby.

60. As a result of Defendant's recurring deceptive acts and practices, Plaintiff and other Class Members are entitled to monetary and compensatory damages of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs. This includes actual damages under GBL § 349, as well as statutory damages of $50 per unit purchased.

## SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK GBL § 350
**(On Behalf of Plaintiff and Other Class Members)**

61. Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

62. N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

> False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

63. N.Y. Gen. Bus. Law § 350a(1) provides, in part, as follows:

> The term 'false advertising, including labeling, of a

11

> commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual . . .

64. Defendant's labeling and advertisements contain untrue and materially misleading statements concerning Defendant's Products inasmuch as they misrepresent that the Products are produced in Canada.

65. Plaintiff and other Class Members have been injured inasmuch as they paid a premium for the Products, which, contrary to Defendant's representations, were false and deceptive. Accordingly, Plaintiff and other Class Members received less than what they bargained or paid for.

66. Defendant's packaging and product labeling induced Plaintiff and Class Members to buy Defendant's Products.

67. Defendant made the untrue and misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

68. Defendant made the material misrepresentations described in this Complaint on Defendant's Products' packaging and labeling.

69. Defendant's material misrepresentations were substantially uniform in content, presentation, and impact on consumers at large. Moreover, all consumers purchasing the Products were and continue to be exposed to Defendant's material misrepresentations.

70. As a result of Defendant's recurring acts and practices in violation of GBL § 350,

Plaintiff and Class Members are entitled to monetary and compensatory damages for all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs as well as statutory damages of $500 per unit purchased.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the Class;

2. Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

3. Awarding restitution to Class members;

4. Awarding disgorgement of profits to Class members;

5. Awarding damages and interest;

6. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

7. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues.

Dated: August 29, 2025

Respectfully submitted,

**REESE LLP**
*/s/ Charles D. Moore*
Charles D. Moore
*cmoore@reesellp.com*
121 N. Washington Ave., 2nd Floor
Minneapolis, Minnesota 55401
Telephone: (212) 643-0500

13

**REESE LLP**
Michael R. Reese
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Phone: (212) 643-0500

**BEN TRAVIS LAW, APC**
Ben Travis
*ben@bentravislaw.com*
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
Phone: (619) 353-7966

# EXHIBIT A

- Ginger Ale

- Ginger Ale Zero Sugar

- Fruit Splash Cherry Ginger Ale

- Fruit Splash Cherry Ginger Ale Zero Sugar

- Cranberry Ginger Ale

- Blackberry Ginger Ale

- Club Soda

- Tonic Water

- Black Cherry Sparkling Seltzer Water

- Peach Mango Sparkling Seltzer Water

- Pomegranate Cherry Sparkling Seltzer Water

- Triple Berry Sparkling Seltzer Water

- Original Sparkling Seltzer Water

- Lemon Lime Sparkling Seltzer Water

- Mandarin Orange Sparkling Seltzer Water

- Raspberry Sparkling Seltzer Water