**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Karin Piotroski,<br><br>    Plaintiff,<br><br>v.<br><br>Dr Pepper/Seven Up, Inc.,<br><br>    Defendant. | Case No.: 2:25-cv-04818<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

Elizabeth Rozon Baksh
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
baksh.elizabeth@dorsey.com

Creighton R. Magid (*pro hac vice forthcoming*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W.
Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3555
magid.chip@dorsey.com

*Attorneys For Defendant*
*Dr Pepper/Seven Up, Inc.*

Date: October 2, 2025

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................... ii

BACKGROUND FACTS .........................................................................................1

ARGUMENT .............................................................................................................2

CONCLUSION .......................................................................................................10

# TABLE OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...................................................................................2

*Axon v. Florida's Natural Growers, Inc.*, 813 Fed. Appx. 701 (2d Cir. 2020).........3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).............................................................2

*Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386 (E.D.N.Y. 2017) .............3, 6

*Broomfield v. Craft Brew Alliance, Inc.*, 2017 U.S. Dist. LEXIS 142572, 2017 WL 3838453 (N.D. Cal. Sept. 1, 2017).........................................................8

*Cortec Indus. Inv. v. Sum Holdings*, 949 F.2d 42 (2d Cir. 1991) ..............................1

*Culver v. Unilever United States*, 2021 U.S. Dist. LEXIS 133295 (C.D. Cal. June 14, 2021)...............................................................................................7, 8

*Dumas v. Diageo PLC*, 2016 U.S. Dist. LEXIS 46691 (S.D. Cal. Apr. 6, 2016)..................................................................................................................6, 7

*Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016) ....................................................3

*Eshelby v. L'Oréal USA, Inc.*, 664 F. Supp. 3d 417 (S.D.N.Y. 2023) ..................4, 5

*Fink v. Time Warner Cable*, 714 F.3d 739 (2d Cir. 2013) ........................................3

*Forschner Group, Inc. v. Arrow Trading Co., Inc.*, 30 F.3d 348 (2d Cir. 1994) ......9

*Jessani v. Monini N. Am., Inc.*, 744 Fed. Appx. 18 (2d Cir. 2018) ...........................3

*La Barbera v. Olé Mexican Foods, Inc.*, 2023 U.S. Dist. LEXIS 110929, 2023 WL 4162348 (C.D. Cal. May 18, 2023)........................................................8

*Maeda v. Kennedy Endeavors, Inc.*, 407 F. Supp. 3d 953 (D. Haw. 2019) .............8

*Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666 (E.D.N.Y. 2017) ....................5, 6

*Orlander v. Staples, Inc.*, 802 F.3d 289 (2d Cir. 2015)............................................3

**Statutes**

New York General Business Law § 349...................................................................................2

New York General Business Law § 350...................................................................................2

**Rules**

Fed. R. Civ. P. 12(b)(6).......................................................................................................1, 2

Plaintiff Karin Piotroski bases her putative class action on the assertion that the brand name "Canada Dry" misleads consumers into believing that the beverages are imported from Canada. The Complaint contains no plausible allegations that a reasonable consumer would have such a belief. Moreover, the Complaint is devoid of any allegations that the place of the soft drinks' manufacture would be material to a reasonable purchaser. For both reasons, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## BACKGROUND FACTS

"Canada Dry" is the century-old brand name of a line of soft drinks, including ginger ale, club soda, and tonic water. As the images at paragraph 22 of the Complaint make clear, the labels of Canada Dry beverages make no claim that the products are imported or that they are a product of Canada. Nor do the labels contain any Canadian imagery or make any reference to Canada. To the contrary, the labels of all Canada Dry products state that the beverages are "PRODUCED UNDER THE AUTHORITY OF DR PEPPER/SEVEN UP, INC., 6425 HALL OF FAME LANE, FRISCO, TX 75034." *See* Declaration of Elizabeth Rozon Baksh at ¶ 2 and Exhibit A.[1]

---

[1] Because the product label is referenced in the Complaint and is, in fact, integral to the Complaint, the entirety of the label may be considered without converting a Rule 12(b)(6) motion into a motion pursuant to Fed. R. Civ. P. 56. *See, e.g., Cortec Indus. Inv. v. Sum Holdings*, 949 F.2d 42, 47 (2d Cir. 1991).

1

## ARGUMENT

A court must grant a Rule 12(b)(6) motion to dismiss where a plaintiff fails to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007)). A complaint lacks facial plausibility where it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint that merely "tenders 'naked assertions' devoid of 'further factual enhancement'" is insufficient to survive a motion to dismiss, *id.* (quoting *Twombly*, 550 U.S. at 557), as is a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Plaintiff Piotroski asserts two causes of action: an alleged violation of New York General Business Law § 349 and an alleged violation of New York General Business Law § 350. "To assert a claim under either section, a plaintiff must establish that the defendant engaged in consumer-oriented conduct that is materially misleading, and plaintiff was injured as a result of the deceptive act or practice."

2

*Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 390 (E.D.N.Y. 2017). To establish that a label was "materially misleading," a plaintiff must show that it would mislead "a reasonable consumer acting reasonably under the circumstances." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). Although whether a label is "materially misleading" is often a question of fact, "[i]t is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). To survive a motion to dismiss, "plaintiffs must do more than plausibly allege that a 'label might conceivably be misunderstood by some few consumers.' Rather, plaintiffs must plausibly allege 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Jessani v. Monini N. Am., Inc.*, 744 Fed. Appx. 18, 19 (2d Cir. 2018) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)); *Axon v. Florida's Natural Growers, Inc.*, 813 Fed. Appx. 701, 704 (2d Cir. 2020) (same).

The Complaint in this matter contains nothing but conclusory statements and "naked assertions." It wholly lacks any plausible allegations that the brand name "Canada Dry" would mislead a reasonable consumer. It does not refer to any survey results or factual matter to support the assertion that putative class members expected the beverages to have been manufactured in and imported from Canada; rather, it

3

simply asserts "a legal conclusion couched as a factual allegation." *See Twombly*, 550 U.S. at 555. Moreover, the Complaint does not even attempt to allege that anyone other than plaintiff Piotroski herself would find the place of the products' manufacture material. *See* Compl. ¶¶ 35–36. This is entirely insufficient.

As a matter of law, reasonable consumers would not conclude from the "Canada Dry" brand name that the products are manufactured in Canada. "Canada Dry," on its face, says nothing about where the product is produced. The label says nothing about the product being imported. The label contains no moose, plaid shirts, maple leaves, or other Canadian imagery. "Canada Dry" refers to a *type* of product – originally, a less sweet and syrupy ginger ale – and not a country of origin. Reasonable consumers would no more conclude that "Canada Dry" means "product of Canada" than they would assume "Italian Roast coffee" is roasted in Italy or "French toast" is prepared in France. At any rate, any possible misconception about the products' geographic origin is dispelled by the clear label statement, in all capital letters, identifying "Canada Dry" as a product of "DR PEPPER/SEVEN UP, INC., 6425 HALL OF FAME LANE, FRISCO, TX 75034."

Extensive case authority makes clear that, on these facts, the Complaint should be dismissed as a matter of law.

In *Eshelby v. L'Oréal USA, Inc.*, 664 F. Supp. 3d 417 (S.D.N.Y. 2023), for instance, the plaintiff brought a putative class action alleging that the labels on

4

L'Oréal cosmetics misled consumers to believe that the cosmetics were produced in France because the product labels "prominently display the word 'Paris' and include French-language text." *Id*. at 421. The court dismissed the complaint, holding that the plaintiff had "not plausibly pleaded that reasonable consumers are likely to be misled by L'Oréal's product packaging." *Id.* at 423. The court explained:

> As a matter of law, a mere reference to Paris is insufficient to deceive a reasonable consumer regarding the manufacturing location of a product. Further, [plaintiff] acknowledges that "Paris" is part of the brand name, "L'Oréal Paris." The company was founded in Paris, and its global headquarters is still located in Paris. The word 'Paris" always appears in stylized text underneath the word "L'Oréal," in the same font and color as the word "L'Oréal," such that a reasonable consumer would understand that "Paris" is part of the brand name "L'Oréal Paris." L'Oréal has a right to use its brand name to correctly indicate that its products belong to the L'Oréal Paris brand.

*Id*. at 424.

Judge Kuntz reached a similar conclusion in *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 673 (E.D.N.Y. 2017), which is particularly on point here. *Nelson* was a putative class action in which the amended complaint alleged that labels on Foster's Lager in the United States, along with the associated website – which included the slogans "Foster's – Australian for Beer" and "How to Speak Australian" in addition to an outline of Australia and images of a kangaroo and the Southern Cross constellation – misled consumers into believing that the beer was imported from Australia. *Id*. at 674. The court dismissed the amended complaint, concluding that no reasonable consumer could be misled given that the labels stated "Brewed

5

and Packaged Under the Supervision of Foster's Australia Ltd., Melbourne, Australia, by Oil Can Breweries, Albany, GA, and Fort Worth, TX." *Id.* at 675. The court further held that "the images of a kangaroo and a constellation 'and allusion to the company's historic roots in [Australia] are eclipsed by the accurate disclosure statement.'" *Id*. at 676 (alternation in original).

Likewise, in *Bowring*, Judge Glasser dismissed a putative class action alleging that the labeling on cans of Sapporo beer – including the slogans "The Original Japanese Beer" and "Japan's Oldest Brand" and a North Star image symbolizing "pioneers in the area of Sapporo" – misled consumers to believe that the beer was produced in Japan. The court concluded that because the labels disclosed the product's origin in the United States or Canada, the labels would not mislead a reasonable consumer, citing multiple cases for the proposition that "[c]ourts routinely conclude that the presence of a disclaimer, considered in context, precludes the finding that a reasonable consumer would be deceived by the defendant's conduct." *Id*. at 390.

Courts in other circuits have consistently reached the same conclusion. In *Dumas v. Diageo PLC*, 2016 U.S. Dist. LEXIS 46691, at *8 (S.D. Cal. Apr. 6, 2016), the court dismissed a complaint alleging that the labeling of Red Stripe beer, which included the statements "The Taste of Jamaica" and "Jamaican Style Lager" as well as the D&G logo of Jamaican brewer Desnoes & Geddes mislead consumers. *Id*. at

6

*8. The court noted that the labeling stated that the beer was "brewed and bottled by Red Stripe Beer Company, Latrobe, PA," but that "[e]ven if a consumer cannot be expected to see the language at the bottom of the packaging, the Court finds that a reasonable consumer would not be misled by the visible packaging into believing that Red Stripe is brewed in Jamaica with Jamaican ingredients. The mere fact that the word 'Jamaica' and 'Jamaican' appear on the packaging is not sufficient to support a conclusion that consumers would be confused regarding the origin and ingredients of the beer." *Id*. at *9.

Similarly, in *Culver v. Unilever United States*, 2021 U.S. Dist. LEXIS 133295 (C.D. Cal. June 14, 2021), the court dismissed a putative class action alleging that the labels on Maille Dijon Originale Mustard misled consumers into believing that the mustard was produced in France. The plaintiff pointed to the name – the Maille brand traces its roots to 18th century France – and the words "Paris," "Depuis 1747," and "Que Maille" on the label. *Id*. at *2. The rear label stated that the mustard was a "Product of Canada." *Id*. The court held that the "Product of Canada" statement properly identified the mustard's origin. *Id*. at *19. Further, the court noted that "[w]hile the front labels contain two words in the French language – which are prepositions (*i.e.* 'depuis' and 'que') – and two proper nouns (*i.e.* 'Paris' and 'Maille'), there are no concomitant words or references to a geographic source or origin. For example, there are no phrases such as 'from Paris (*i.e.* 'de Paris'),

7

'product of France,' or even 'imported.'" *Id.* at \*21. The court further noted that the plaintiff "fails to establish or aver that *all* (or even a significant percentage of) California consumers of the Products really care where the mustards were manufactured. Likewise, there is nothing to indicate to what extent, if any, reasonable consumers would rest their mustard purchasing decisions on whether the condiment was made in France – as opposed to Canada or any other country." *Id*. at \*19 (emphasis in original).

Numerous other cases nationwide support dismissal of the complaint in this case. *See, e.g.*, *La Barbera v. Olé Mexican Foods, Inc.*, 2023 U.S. Dist. LEXIS 110929, 2023 WL 4162348 (C.D. Cal. May 18, 2023) (dismissing complaint alleging that labels of La Banderita tortillas, which included such statements as "El Sabor de Mexico!" and "Sabrosísimas Tortillas Caseras" and "Authentic" along with a Mexican flag logo, on the grounds that no reasonable consumer would believe that the products were made in Mexico); *Maeda v. Kennedy Endeavors, Inc*., 407 F. Supp. 3d 953, 972 (D. Haw. 2019) ("The word 'Hawaiian,' combined with a single Hawai'i-related image simply could not deceive a reasonable consumer about the origin of the Hawaiian Snacks.") (emphasis in original); *Broomfield v. Craft Brew Alliance, Inc*., 2017 U.S. Dist. LEXIS 142572, 2017 WL 3838453 (N.D. Cal. Sept. 1, 2017) ("[M]erely referencing Hawaii and its culture on the packaging is not enough on its own to confuse a reasonable consumer regarding the origin of the

8

beer."); *Forschner Group, Inc. v. Arrow Trading Co., Inc.*, 30 F.3d 348 (2d Cir. 1994) (a knife labeled "Swiss Army" did not imply that the knife was of Swiss origin because "the fact that a composite phrase contains a geographic term does not necessarily man that the phrase, viewed as a whole, is a geographic designation").

"Canada Dry" is a *brand name* that refers to a particular *taste* (dry, not syrupy), not a geographic location.  It is therefore even less likely to mislead a reasonable consumer than the brand name "L'Oréal Paris."  Canada Dry packaging contains no words or imagery suggesting an association with Canada, making it even less likely to mislead a reasonable consumer than Red Stripe beer ("The Taste of Jamaica" and "Jamaican Style Lager" as well as the D&G logo of Jamaican brewer Desnoes & Geddes), Sapporo beer ("The Original Japanese Beer" and "Japan's Oldest Brand" and a North Star image symbolizing "pioneers in the area of Sapporo"), Foster's Lager ("Foster's – Australian for Beer" and "How to Speak Australian" in addition to an outline of Australia and images of a kangaroo and the Southern Cross constellation), or Maille Dijon Originale Mustard ("Paris," "Depuis 1747," and "Que Maille").  Further, all Canada Dry packaging clearly identifies the beverage of being the product of Dr Pepper/Seven-Up, Inc. in Frisco, Texas.  Each of these facts alone is sufficient to warrant dismissal; together, they compel it.

The Complaint contains no plausible allegations that a reasonable consumer would believe that Canada Dry products are produced in Canada – or that reasonable

consumers find the place of Canada Dry's manufacture material to their purchasing decisions. Accordingly, the Court should dismiss the Complaint for failure to state an actionable claim.

## CONCLUSION

Because no reasonable consumer would be misled by Canada Dry packaging, and because the Complaint is devoid of any plausible allegations to the contrary, the Complaint should be dismissed.

Date: October 2, 2025                                  Respectfully submitted,

*/s/ Elizabeth Rozon Baksh*
Elizabeth Rozon Baksh
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
baksh.elizabeth@dorsey.com

Creighton R. Magid (*pro hac vice forthcoming*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W. Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3555
magid.chip@dorsey.com

*Attorneys For Defendant*
*Dr Pepper/Seven Up, Inc.*

10

## CERTIFICATION

The undersigned counsel certifies that, as calculated by the word-processing system used to prepare this document, this Memorandum of Law contains 2,365 words (exclusive of the caption, table of contents, table of authorities, and signature block). This complies with the 8,750 word limit of Local Rule 7.1(c).

Date: October 2, 2025

Respectfully submitted,

/s/ *Elizabeth Rozon Baksh*
Elizabeth Rozon Baksh
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
baksh.elizabeth@dorsey.com

Creighton R. Magid (*pro hac vice forthcoming*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W.
Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3555
magid.chip@dorsey.com

*Attorneys For Defendant
Dr Pepper/Seven Up, Inc.*

11